IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM F. BURRIS, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | :     Civ. Act. No. 18-2018-LPS |
| | : |
| ROBERT MAY, Warden, and | : |
| ATTORNEY GENERAL OF THE | : |
| STATE OF DELAWARE, | : |
| | : |
| Respondents. | : |

## MEMORANDUM OPINION

William F. Burris. *Pro Se* Petitioner.

Kathryn Joy Garrison, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

August 19, 2021
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Pending before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner William F. Burris ("Petitioner"). (D.I. 1) The State has filed a Motion to Dismiss the Petition as time-barred under the limitations period prescribed in 28 U.S.C. § 2244. (D.I. 15) For the reasons discussed, the Court will grant the Motion and dismiss the Petition as time-barred.

## II. BACKGROUND

In April 1992, Petitioner was indicted on ten counts of first degree unlawful sexual contact and seven counts of sexual exploitation of a child. (D.I. 10-6) The indictment alleged that Petitioner engaged in sexual intercourse with his thirteen year old daughter and photographed her engaging in the prohibited sexual acts on five separate dates. (*Id.*) On June 1, 1992, Petitioner pled guilty to first degree unlawful sexual intercourse, second degree unlawful sexual intercourse (as the lesser-included offense of first-degree unlawful sexual intercourse), and two counts of sexual exploitation of a child. (D.I. 10-1 at 2, Entry No. 9) The Superior Court sentenced Petitioner on August 7, 1992 to forty-five years of Level V incarceration, suspended after forty-two years for decreasing levels of supervision. (D.I. 10-8) Petitioner did not appeal his convictions or sentence.

In October 1992, Petitioner filed a motion for reduction of sentence, which the Superior Court granted. (D.I. 10-1 at 4, Entry Nos. 13, 15) On March 15, 1993, the Superior Court reduced Petitioner's sentence to thirty-three years at Level V, suspended after thirty years for decreasing levels of supervision. (D.I. 10-10)

On October 16, 1991, prior to the resolution of his Delaware case, Petitioner pled guilty in the Circuit Court for Kent County, Maryland in two separate cases to child abuse by a parent, child abuse by a custodian, and photographing or filming a minor engaging in a sex act. (D.I. 15 at 2) It

appears that Petitioner was sentenced by the Maryland court to serve a total of six years in prison, followed by probation. (*See id.*) Petitioner served his prison term in Maryland before being transferred to Delaware to begin his sentence in this case. (*Id.*)

On August 6, 2018, Petitioner filed in the Superior Court a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 15 at 2) On August 22, 2018, the Superior Court summarily dismissed the Rule 61 motion as untimely under Rule 61(i)(1). (D.I. 10-3 at 3-4) Petitioner appealed, and the Delaware Supreme Court affirmed that judgment on December 13, 2018. *See Burris v. State*, 2018 WL 6587160 (Del. Dec. 13, 2018), *reh'g denied en banc* (Jan. 3, 2019).

## III. ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner's § 2254 Petition, filed in 2018, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Given these circumstances, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, his judgment of conviction becomes final upon expiration of the period allowed for seeking direct review in the state appellate court. *See Gonzalez v. Thaler*, 565 U.S. 134, 155 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires."). The Superior Court sentenced Petitioner on August 7, 1992, but he was resentenced on March 17, 1993. Consequently, his judgment of conviction became final on April 16, 1993. *See Harmon v. Johnson*, 2016 WL 183899, at *3 (D. Del. Jan. 14, 2016). Since Petitioner's conviction became final prior to AEDPA's effective date of April 24, 1996, he benefits from a one-year grace period for timely filing habeas petitions, thereby extending the filing period through April 23, 1997.[1] *See McAleese v. Brennan*, 483 F.3d 206,

---

[1] Many federal circuit courts have held that the one-year grace period for petitioners whose convictions became final prior to the enactment of AEDPA ends on April 24, 1997, not April 23, 1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (collecting cases). Although the Third Circuit has noted that "[a]rguably we should have used April 24, 1997, rather than April 23, 1997, as the cut-off date," *Douglas v. Horn*, 359 F.3d 257, 261 n.5 (3d Cir. 2004) (citing Fed. R. Civ. P. 6(d)), it appears that April 23, 1997 is still the relevant cut-off date in this circuit. In the instant case, Petitioner filed his petition well-past either cut-off date, rendering the one-day difference immaterial.

3

213 (3d Cir. 2007); *Douglas*, 359 F.3d at 261. In these circumstances, Petitioner had until April 23, 1997 to timely file his Petition.

Petitioner waited until December 17, 2018[2] to file the instant Petition, more than twenty-one years after the expiration of the limitations period. Therefore, his habeas Petition is untimely, unless the limitations period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001). In addition, a post-conviction motion that is untimely under state law is not properly filed for § 2244(d)(2) purposes and, therefore, has no statutory tolling effect. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

Here, AEDPA's limitations period expired on April 23, 1997, more than twenty-one years before Petitioner filed his first Rule 61 motion on August 6, 2018 and his other motions for

---

[2]Since Petitioner signed the Petition on December 17, 2018, and it was electronically filed on December 19, 2018, the Petition must have been provided to prison authorities sometime between December 17 and 19, 2018. Because the two-day difference in filing does not change the result of this proceeding, the Court adopts the date on the Petition (December 17, 2018) as the date of filing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003).

correction or modification of sentence. Since none of Petitioner's state post-conviction motions have any statutory tolling effect, the Petition is time-barred, unless equitable tolling is applicable.

## B. Equitable Tolling

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *See Holland*, 560 U.S. at 645. A petitioner can qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing;"[3] mere excusable neglect is insufficient. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited the equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *see also Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Petitioner appears to allege that the limitations should be equitably tolled because defense counsel provided ineffective assistance.[4] (D.I. 1 at 13; D.I. 3 at 5-6) Although he Supreme Court has recognized that an attorney's egregious error or neglect may constitute an extraordinary

---

[3]*Holland*, 560 U.S. at 648.

[4]Petitioner cites *Strickland v. Washington*, 466 U.S. 668 (1984), *Martinez v. Ryan*, 566 U.S. 1 (2012), and *United States v. Cronic*, 466 U.S. 648 (1984), to support his argument for equitable tolling. (D.I. 1 at 13; D.I. 13 at 2, 5-6). The *Martinez* rule does not support his argument because Petitioner was not represented by counsel during his post-conviction proceeding. In addition, although the *Martinez* rule permits a petitioner to raise a procedurally defaulted claim of ineffective assistance of trial counsel where the default was caused by the ineffective assistance of post-conviction counsel, the *Martinez* decision does not in any way impact a petitioner's obligation to comply with AEDPA's

5

circumstance for equitable tolling purposes,[5] an "egregious error" generally includes instances where an attorney fails to file an appeal after an explicit request from the petitioner,[6] "affirmatively deceives the petitioner about filing a direct appeal," or "persistently neglects the petitioner's case." *Schlueter*, 384 F.3d at 76–77. Here, Petitioner does not assert that defense counsel failed to file a direct appeal after a specific request from Petitioner or that defense counsel deceived Petitioner about filing an appeal. His perfunctory and conclusory assertions about defense counsel's alleged failures also do not demonstrate that defense counsel persistently neglected his case. As a result, Petitioner's allegations about defense counsel's performance do not amount to "egregious errors" warranting equitable tolling.

Moreover, Petitioner's failure to explain why he waited twenty-five years to file his first Rule 61 motion and why he waited until December 2018 to file the instant Petition precludes him from demonstrating that he exercised the reasonable diligence necessary to trigger equitable tolling. To the extent Petitioner's untimely filing of the Petition was due to his own ignorance of the law or the result of his miscalculation regarding the one-year filing period, such factors do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

Based on the foregoing, the Court concludes that that the doctrine of equitable tolling is not available to Petitioner on the facts he has presented. Accordingly, the Court will dismiss the instant Petition as time-barred.

---

limitations period and cannot excuse a failure to file within the limitations period. *See, e.g., Reed v. Metzger*, 2019 WL 1369526, at *2 (D. Del. Mar. 26, 2019).

[5] *See Holland*, 560 U.S. at 635–54.

[6] *See Velazquez v. Grace*, 277 F. App'x 258 (3d Cir. 2008).

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition does not warrant relief because it is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, the State's Motion to Dismiss is **GRANTED**, and the instant Petition is **DISMISSED** as time-barred. An appropriate Order will be entered.